IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


RICHARD JOSEPH PENOR, JR.                                              PETITIONER

     V.               Civil No. 5:17-cv-05070-PKH-MEF

STATE OF ARKANSAS                                                      RESPONDENT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner, Richard Joseph Penor, Jr. ("Penor") on April 10, 2017. (ECF No. 1). The State of Arkansas filed its Response on August 14, 2017. (ECF No. 14). Petitioner did not file a reply. The matter is ready for Report and Recommendation.

### I. Background

Penor is an out-of-state prisoner serving a sentence imposed on February 27, 2017 by a Colorado state court in an institution of the Colorado Department of Corrections. (ECF No. 1, ¶¶ 2, 3, 4).

On April 10, 2017, Penor filed his *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") in the United States District Court for the Eastern District of Arkansas. (ECF No. 1). On April 21, 2017, the case was transferred from the Eastern District of Arkansas to this Court. (ECF No. 2). The Petition raises four grounds: (1) that charges pending against him in the Circuit Court of Benton County, Arkansas "have not been brought to court for 12 years now" and are barred by the statute of limitations; (2) that he was charged with a violation of

-1-

Arkansas' Hot Check law and has "still not been brought to court for these charges"; (3) that charges against him for violation of A.C.A. § 5-37-302 "are outside the scope of law" as well as Federal Rules of Civil Procedure and Federal Rules of Criminal Procedure; and, (4) that Benton County was notified of his "intent to plead my case by mail to no avail," and they have failed to prosecute him. (ECF No. 1, pp. 6-8).  For relief, Penor wants all charges, as well as the active warrant, dismissed, or "extradite me to Bentonville to be held accountable for my crime."  (ECF No. 1, p. 8).

The State of Arkansas filed its Response to the Motion on August 14, 2017.  (ECF No. 14). A copy of the Benton County Circuit Clerk's file, Case No. 04CR-02-1093, was attached to the State's Response.  (ECF No. 14-1).  A more legible copy of the Benton County Circuit Clerk's file, Case No. 04CR-02-1093, was subsequently filed on August 17, 2017.  (ECF No. 17).

Penor did not file a reply.

## II.  Discussion

For the reasons discussed below, this Court lacks subject matter jurisdiction to consider Penor's Motion.

28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless — "he is in custody in violation of the Constitution or laws or treaties of the United States."

Where a warrant of detainer has been filed against a defendant incarcerated in another jurisdiction, the defendant is "in custody" of the detainer in the tradional habeas corpus sense.  *See Becker v. Nebraska*, 310 F.Supp. 1275, 1281 (1970).

The "Interstate Agreement on Detainers" (IAD) is a compact among 48 states, the District of Columbia, and the federal government which enables a participating state to gain custody of a prisoner incarcerated in another jurisdiction in order to try him or her on criminal charges.  18

U.S.C.App. § 2; *Reed v. Farley*, 512 U.S. 339, 341 (1994). While the IAD is a state law, see A.C.A. § 16-95-101 *et seq.*, it is also a law of the United States as well, and a violation of the IAD may entitle a state prisoner to federal habeas corpus relief. *Reed*, 512 U.S. at 347. Unfortunately for Penor, there is no showing that he is "in custody" subject to a detainer issued by the Benton County Prosecuting Attorney or Benton County Circuit Court.

Lacking in Penor's Petition is any allegation that a detainer has been lodged against him pursuant to the IAD. While Penor refers to "unknown warrant #F272005" (ECF No. 1, p. 2), "unknown warrant #272005" (ECF No. 1, p. 3), "warrant #F272005" (ECF No. 1, p. 6), and states, "[t]here has been a warrant for my arrest for over (12) twelve years with a 350 mile radius extridition (sic) from the State of Arkansas," he does not allege that a detainer from a prosecuting authority in Arkansas has been lodged with the Colorado Department of Correction where he is presently incarcerated.

The Benton County Circuit Clerk's file contains a warrant issued on May 22, 2002 for Penor's arrest on an Arkansas Hot Check law violation which states "will extradite 300 miles." (ECF No. 17-1, p. 4). Penor was arrested pursuant that warrant on September 11, 2002 (ECF No. 17-1, p. 8), and he made his initial appearance before a Judge on September 12, 2002 (ECF No. 17-1, pp. 6-7). Penor was released on a $3,500 bond and ordered to appear in Benton County Circuit Court on September 23, 2002. (Id.). Penor appeared with his counsel on September 23, 2002, and his arraignment was rescheduled to October 28, 2002. (ECF No. 17-1, p. 12). He appeared with his counsel on October 28, 2002, and his arraignment was again rescheduled to November 18, 2002. (ECF No. 17-1, p. 13). Penor appeared with his counsel on November 18, 2002, at which time he entered a not guilty plea, and an omnibus hearing was set on January 6, 2003 with a jury trial

scheduled on March 25, 2003.  (ECF No. 17-1, p. 17).  Penor failed to appear on January 6, 2003 for

the omnibus hearing, and it was noted that a "Bench warrant shall issue."  (ECF No. 17-1, p. 20).

The arrest warrant for Penor's failure to appear on January 6, 2003 was then issued on January 10,

2003, and it does not contain the "will extradite 300 miles" language included in his original arrest

warrant on the underlying charge.  (ECF No. 17-1, p. 21).  Penor also failed to appear for his jury

trial on March 25, 2003.  (ECF No. 17-1, p. 22).  Penor was arrested on October 22, 2004.  (ECF No.

17-1, p. 24).  It was noted at his initial appearance on October 23, 2004, "DOC - released yesterday,"

and he was released on a recognizance bond with an arraignment set on December 6, 2004.  (ECF

No. 17-1, p. 23).

Penor appeared with his counsel on December 6, 2004, and  Penor was ordered to appear for

a pre-trial in his case on December 13, 2004.  (ECF No. 17-1, p. 28).  Penor failed to appear on

December 13, 2004.  (ECF No. 17-1, p. 29).  Another warrant for Penor's arrest was issued on

December 20, 2004.  (ECF No. 17-1, p. 32).  This arrest warrant, directed to "any sheriff, constable,

coroner, policeman or marshal *of this state*" also fails to include the "will extradite 300 miles"

language.  (ECF No. 17-1, p. 32) (emphasis added).

On May 23, 2014, Penor wrote a letter to the Benton County Circuit Clerk advising of his

incarceration in the Colorado Department of Corrections, that "ACIC currently shows I have a

detainer hold on me for anything under 300 miles," and inquiring "if you can send me a copy of the

information on file as well as all other pertinent information I will possibly need to file for a plead

by mail."  (ECF No. 17-1, p. 34).

While the Benton County Circuit Clerk's file documents the issuance of an arrest warrant for

Penor, it fails to show that a detainer was ever lodged against him with the Colorado Department of

Corrections.

Pursuant to the IAD, "[t]he warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him or her of the source and contents of any detainer lodged against him or her and shall also inform him or her of his or her right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based." A.C.A. § 16-95-101, Art. III(c) (Repl. 2016).  Penor does not allege in his Petition, nor has he shown, that he has been informed by the warden in whose custody he remains that any prosecuting authority in Arkansas lodged a detainer against him.

The IAD provides a process by which a prisoner may request a final disposition to be made of any indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner.  See A.C.A. § 16-95-101, Art. III(a) (Repl. 2016).  Any such written notice and request is to be sent by the prisoner to the warden, commissioner of corrections, or other official having custody of the prisoner, and the warden (or other custodial official) "shall promptly forward it together with the certificate[1] to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.  A.C.A. § 16-95-101, Art. III(b) (Repl. 2016).  Penor does not allege in his Petition, nor has he shown, that he ever made such a request.  Further, the Benton County Circuit Clerk's file does not show that the warden having custody of Penor, or some other custodial official with the Colorado Department of Corrections, sent to the Benton County Prosecuting Attorney or the Benton County Circuit Court "by registered or certified mail, return

---

[1] The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner stating the term of commitment under which the prisoner is being held, the time already served, and other required information.  A.C.A. § 16-95-101, Art. III(a) (Repl. 2016).

receipt requested" a "request for a final disposition to be made of the indictment, information, or complaint" accompanied by the required certification of the custodial official.

Because there is no Arkansas detainer, there is no "custody" due to any action of Arkansas, no subject matter jurisdiction in this Court, and no remedy available to Penor under §§ 2241 and 2254. *See, e.g., Bryant v. Maiorana*, 2014 WL 5093886 (N.D. Fla. 2014) ("In the absence of a detainer, the issuance of a warrant, alone, is insufficient to satisfy the 'in custody' requirement for purposes of federal habeas jurisdiction.") (internal citation omitted); *Daker v. Baker*, 263 F App'x 809, 812 (11th Cir. 2008) (holding that a dead-docketed indictment, without a detainer, does not place a federal habeas petitioner "in custody" for purposes of 28 U.S.C. § 2241); *Bancroft v. Massachusetts*, 525 F.Supp.2d 237, 242 (D.Mass.2007) (holding that habeas petitioner, who was in prison in Virginia, was not "in custody" on Massachusetts indictment for purposes of 28 U.S.C. § 2241(b)(3) where Massachusetts had not issued a detainer with Virginia authorities); *Wade v. Hamilton County Prosecutor's Office*, 2011 WL 5920770 (S.D. Ohio 2011) (finding no custody and no jurisdiction where no detainer was lodged).

### III.  Conclusion

For the reasons and upon the authorities discussed above, this Court does not have subject matter jurisdiction of the habeas corpus claim brought under 28 U.S.C. § 2241.  It is recommended that Penor's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of October 2017.

/s/ Mark E. Ford

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE